```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF RHODE ISLAND


PHILIPHEOUS-MARSHALL: FOSTER,    :
                  Plaintiff,     :
                                 :
     v.                          :      CA 09-398 ML
                                 :
MORTGAGE ELECTRONIC REGISTRATION :
SYSTEMS, INC., ET AL.,           :
                  Defendants.    :
```

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is the Application to Proceed without Prepayment of Fees and Affidavit (Document ("Doc.") #2) ("Application to Proceed without Prepayment of Fees" or "Application") filed by Plaintiff Philipheous-marshall: foster[1] ("Plaintiff").[2]  Because I conclude that the Application should

---

[1] Plaintiff uses non-standard capitalization and punctuation in writing his name: "Philipheous-marshall: foster."  Plaintiff's Ex-Parte Notice an[d] Order to Show Cause: A Temporary Restraining Order Re: A preliminary Injunction; and Memorandum of Points and Authorities ("Complaint") at 1.  While the Court identifies Plaintiff in this manner in the body of the Report and Recommendation, in the caption standard capitalization is utilized.

[2] 28 U.S.C. § 1915 provides in relevant part:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

be denied, it is addressed by way of this Report and Recommendation. See Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)(explaining that because denial of a motion to proceed in forma pauperis is the functional equivalent of an involuntary dismissal, a magistrate judge should issue a report and recommendation for a final decision by the district court).

### Discussion

Plaintiff states in his complaint that he seeks a temporary restraining order to restrain certain Defendants from "selling Plaintiffs' [sic] property located at 108 Johnson Street, Pawtucket, Providence [C]ounty, Rhode Island republic." Plaintiff's Ex-Parte Notice an[d] Order to Show Cause: A Temporary Restraining Order Re: A preliminary Injunction; and Memorandum of Points and Authorities ("Complaint") at 2. However, in his Application, Plaintiff denies owning any real estate, stating "I can't own anything just use for the benefit of[]." Application at 2. In an accompanying Affidavit of Poverty ("Affidavit"), Plaintiff additionally states that "[t]here is no Money — Only Private (Federal Reserve Corp) I.O.U. Notes," Affidavit ¶ 2 (internal quotation marks omitted); that, therefore, everyone is a pauper, see id.; that everyone is entitled to discharge their court costs and fees by submitting a sworn declaration or affidavit of indigency "by 'Autograph'

---

28 U.S.C. § 1915(a)(1).

(outside of U.S.) per 28 U.S. Code Section 1746," id.; that "[n]obody owns their House, Car, their Body, the labor from their Body (or Body's intellectual Property) their Boat/Motor/Trailer, Computer Tower, the food on their plate, or the clothes on their Back, As they falsely now Believe," id. (bold omitted); and that "[i]t is Impossible (for me/anyone) to 'Pay' any thing," id. The contradiction between Plaintiff's claim that some Defendants are attempting to sell his real estate and his denial that he owns any real estate causes the Court to conclude that the Application should be denied.

In most cases, the Court would chose to deny the Application without prejudice and direct Plaintiff to file an affidavit explaining the contradiction.  Here, however, Plaintiff has already filed an affidavit in which he has expressed his belief that everyone is a pauper, that it is impossible for anyone to pay anything, and that everyone is entitled to pay court costs by filing an affidavit of indigency in the manner Plaintiff cites. The Court is unable to agree with these assertions because the Court knows that most parties filing actions in this forum pay the required filing fee.  Thus, Plaintiff's contention that it is impossible for anyone to pay anything is at odds with what the Court knows to be true.

Plaintiff's implicit suggestion that everyone, including those who are able to pay a filing fee, may avoid doing so by

3

submitting an affidavit similar to Plaintiff's is clearly contrary to the intent of 28 U.S.C. § 1915. Accordingly, Plaintiff's Application to Proceed without Prepayment of Fees should be denied, and the action should be dismissed pursuant to U.S.C. § 1915(e)(2).[3] I so recommend.[4]

### Conclusion

For the reasons stated above, I recommend that Plaintiff's Application be denied and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2). Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10)[5] days of its receipt. See Fed. R.

---

[3] In relevant part, 28 U.S.C. § 1915(e) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
   (A) **the allegation of poverty is untrue**; or
   (B) the action or appeal--
       (i)   is frivolous or malicious;
       (ii)  fails to state a claim on which relief may be granted; or
       (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (bold added).

[4] The Court is influenced in its decision to recommend denial of the Application (instead of ordering Plaintiff to explain the contradiction with respect to his ownership of real estate) by the fact that Plaintiff has the right to object to this Report and Recommendation. If this Magistrate Judge has misconstrued Plaintiff's filings, Plaintiff can explain this in his objection. Chief Judge Lisi will then have the opportunity to consider that explanation before deciding whether to accept this Report and Recommendation.

[5] The ten days do not include intermediate Saturdays, Sundays, and legal holidays. See Fed. R. Civ. P. 6(a).

Civ. P. 72(b); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and the right to appeal the district court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
September 3, 2009